UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


FRANK RAFAEL ENRIQUEZ,

     Petitioner,

v.                              Case No. 2:02-CV-452-FTM-JES-SPC

ROBERT BRIODY, et al,

     Respondents.

_____/


### O P I N I O N   A N D   O R D E R

This cause is before the Court on Petitioner Frank Enriquez's ("Petitioner" or "Enriquez") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition")(Doc. #1) received on September 18, 2002.  Petitioner filed his Petition as a convicted state felon being housed at the Florida Civil Commitment Center ("FCCC"), awaiting his Jimmy Ryce civil commitment trial ("Jimmy Ryce Trial"), pursuant to Sections 394.910-.931, Florida Statutes (2000). In the instant Petition, Enriquez seeks release, through issuance of a writ of habeas corpus, from the FCCC prior to the Jimmy Ryce Trial, arguing that the initial probable cause determination was not constitutional, his counsel is ineffective, the Jimmy Ryce Act is not applicable to those on conditional release, and that confining former prisoners after expiration of their sentences violates the Due Process and Double Jeopardy clauses of the United States Constitution. (Doc. #1).

Subsequent to filing the instant Petition, Petitioner filed another petition for writ of habeas corpus in United States District Court for the Southern District of Florida[1], seeking the same relief as he seeks in the instant Petition with regard to the Jimmy Ryce Act and Enriquez's pending Jimmy Ryce Trial.  The Southern District dismissed the case as premature, relying on the magistrate's Report and Recommendation, which stated in pertinent part:

> While it is not clear from the record provided by the respondent whether Enriquez has in fact presented the claims of this federal petition in a state petition for writ of prohibition before the trial court and whether he has pursued an appeal from the denial of the petition, dismissal of this federal petition is warranted regardless of whether Enriquez has done so.  **It is clear from the record provided that the civil commitment trial proceedings remain pending.**  Enriquez has not yet been declared a sexually violent predator in need of commitment under the Jimmy Ryce Act in that the commitment trial has not yet been conducted and is now scheduled for September 20, 2004. . . . Thus, once the final judgment of commitment has been entered, Enriquez will have the right to appeal the decision on the grounds now raised in this federal petition as well as others. <u>Id</u>.  Further, Petitioner has a lawyer in the state court proceedings, and Florida has adequate and effective state procedures for challenging confinement pursuant to the civil commitment proceedings and final judgments pursuant thereto. . . . Accordingly, **this federal habeas corpus proceeding is premature and not ripe for review before this Court since the final judgment of commitment has not yet been entered and any appeal therefrom concluded.**

Enriquez v. Harry, et al, 1:04-20863-Civ-Cooke, (Doc. #21, pp. 9-10)(emphasis added).

---

[1]See Enriquez v. Harry, et al, case number 04-20863-Civ-Cooke (Doc. ## 21, 24).

Respondent moved to dismiss the instant Petition prior to the dismissal from the Southern District, asserting, among other arguments, that Petitioner has failed to exhaust his state remedies and therefore, this Petition is premature. Petitioner moved to dismiss the Response, arguing that he can demonstrate cause and prejudice for his failure to exhaust. (Doc. #25). Petitioner also claims that the allegedly insufficient state remedies and his counsel's ineffectiveness require this Court to consider the unexhausted claims. Because it appears that Petitioner's Jimmy Ryce Trial has not yet taken place, the Court determines that the Petition should be dismissed as premature for the same reasons explained at length in the Southern District's opinion and order. See Younger v. Harris, 401 U.S. 37 (1971) (holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any constitutional issues); Maharaj v. Sec'y Dep't of Corr., 304 F. 3d 1345 (11th Cir. 2002)(federal habeas petition was not ripe for review when state judgment was not yet final).

Furthermore, Petitioner is reminded that all claims should be brought in the same pleading, before the appropriate court, in the proper venue. Piecemeal pleading and forum shopping will not be tolerated.

For the reasons explained above, it is now

**ORDERED:**

Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice** except as to any application of the federal statute of limitations or other procedural bars which may apply. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Ft. Myers, Florida on this ___26th___ day of April 2005.


JOHN E. STEELE
United States District Judge

Copies to:
Petitioner
Respondent
SA/as

4